IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DWAYNE J. DENNIS** and **HAZEL R.D. DENNIS**,

    Plaintiffs,

v.

**JP MORGAN CHASE BANK,**

    Defendant.

No. 3:20-cv-2267-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiffs Dwayne J. Dennis and Hazel R.D. Dennis brought this action against Defendant JPMorgan Chase Bank, N.A.[1] ("Chase Bank"). Before me is Defendant's Motion to Dismiss [ECF 4] and Request for Judicial Notice [ECF 5]. For the following reasons, I GRANT Defendant's motions and DISMISS this case with prejudice.

## BACKGROUND

This is the third case involving Chase Bank's foreclosure of the Deed of Trust securing Plaintiffs' home loan. In 2018, Chase Bank obtained a judgment of foreclosure against Plaintiffs in Oregon state court following a trial. Def.'s Req. Judicial Notice [ECF 5] Ex. 1, at 1–3. Following that judgment, Plaintiffs filed a case against Chase Bank in the District of Oregon for

---

[1] Plaintiffs erroneously named Defendant as "JP Morgan Chase Bank."

1 – OPINION AND ORDER

"Conspiracy, Fraud, Racketeering, subrogation, extortion, forgery; RICO and full disclosure" and sought $50 million in damages. *Id.* Exs. 7, 8. The district court dismissed Plaintiffs' case with prejudice, and the Ninth Circuit affirmed. *Id.* Exs. 11, 12.

The case before me now was removed from Multnomah County Circuit Court on December 29, 2020. Plaintiffs' Complaint [ECF 1-1] seeks $150 million from Chase Bank because "'UNCLEAN HANDS' created extortion, forfeiture by wrong doings and Bank corruption to obtain the right to collect a debt that was not owed to them."

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint and requests judicial notice of several documents in consideration of its Motion to Dismiss.

### I.     Request for Judicial Notice

As a preliminary matter, Chase Bank requests I take judicial notice of fourteen documents. Generally, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But "under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice, on its own or at a party's request, of 'matters of public record.'" *Nelmes v. Nationstar Mortg., LLC*, No. 3:16-cv-615-AC, 2016 WL 7383335, at *1 (D. Or. Nov. 9, 2016) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

Here, Chase Bank requests that I take judicial notice of twelve different documents from the prior court proceedings and two agreements related to the real property at issue in the foreclosure. Def.'s Req. Judicial Notice [ECF 5] at 2–5. These documents are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, I GRANT

Defendant's Request for Judicial Notice [ECF 5] and consider these documents with Defendant's Motion to Dismiss.

## II.     Motion to Dismiss

Defendant moves to dismiss Plaintiffs' Complaint [ECF 1-1] on three alternative grounds: (1) claim preclusion, (2) issue preclusion, and (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because I find dismissal is proper on the grounds of claim and issue preclusion, I decline to reach the other potential ground for dismissal.

Chase Bank argues claim and issue preclusion bar Plaintiffs' claim. "Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (quoting *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009)). Issue preclusion applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27, p. 250 (1982)).

This case involves the same parties as the two prior cases. The underlying facts of this case are identical to those at issue in the prior cases. Moreover, Plaintiffs' response to Defendant's Motion to Dismiss makes clear that their "unclean hands" claim is premised on the exact allegations that were raised and decided in the prior state and district court proceedings (namely, that Plaintiffs were wrongly accused of a $216,000 debt that led to the foreclosure action against them). *See* Pls.' Resp [ECF 8] at 2; Def.'s Req. Judicial Notice [ECF 5], Ex. 5, at 2; Def's Req. Judicial Notice [ECF 5] Ex. 8, at 2, 4, 6.

Therefore, assuming Plaintiffs have properly stated a claim for "unclean hands," claim and issue preclusion bar Plaintiffs' claim from going forward.

## CONCLUSION

For the reasons stated above, I GRANT Defendant's Motion to Dismiss [ECF 4] and Request for Judicial Notice [ECF 5]. Because claim and issue preclusion bar Plaintiffs' claim, I DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this __6__ day of April, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge